Nicole L. **CARROLL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–03–00473–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 27, 2003.

David A. Cuellar, Law Office of David A. Cuellar, San Antonio, for appellant.

Susan D. Reed, Criminal District Attorney, San Antonio, for appellee.

Sitting: [1] ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

PER CURIAM.

Following a plea bargain agreement between appellant and the State, the trial court deferred adjudication of guilt and placed appellant on community supervision. The trial court subsequently entered a judgment adjudicating appellant guilty of possession of a controlled substance and revoking appellant's community supervision. After appellant filed her notice of appeal, the court clerk sent copies of the Certification of Defendant's Right of Appeal and notice of appeal to this court. *See* Tex.R.App. P. 25.2(e). Although the certification was signed by the trial court, the court did not indicate whether appellant has a right of appeal because none of the five available boxes on the certification has been checked. This presents two issues for our consideration. First, under what circumstances does Texas Rule of Appellate Procedure 25.2(a)(2) limit an appeal of a defendant placed on deferred adjudication pursuant to a plea bargain? Second, may the Certification of Defendant's Right of Appeal contained in the appendix to the Texas Rules of Appellate Procedure be modified if none of the five boxes provided applies?

■ Rule 25.2(a)(2), like former rule 25.2(b)(3), limits a defendant's right of appeal in plea bargain cases. *Sanchez v. State,* 109 S.W.3d 760, 761 (Tex.App.-San Antonio, 2003, n.p.h.). Rule 25.2(a)(2) allows a defendant to appeal only matters raised by written motion filed and ruled on before trial or if the defendant has the trial court's permission to appeal. *See* Tex.R.App. P. 25.2(a)(2). Former rule 25.2(b)(3) controlled an appeal by a defendant placed on deferred adjudication pursuant to a plea bargain who challenges an issue relating to her conviction. *Woods v. State,* 68 S.W.3d 667, 669 (Tex.Crim.App. 2002); *Vidaurri v. State,* 49 S.W.3d 880, 884–85 (Tex.Crim.App.2001); *Kirk v. State,* 942 S.W.2d 624, 625 (Tex.Crim.App. 1997); *Watson v. State,* 924 S.W.2d 711, 713–14 (Tex.Crim.App.1996). We hold that Rule 25.2(a)(2) also limits such an appeal if the defendant is appealing an issue related to her conviction. Conversely, Rule 25.2(a)(2) does not apply when the defendant appeals issues unrelated to her conviction. *Kirtley v. State,* 56 S.W.3d 48, 51–52 (Tex.Crim.App.2001); *Vidaurri,* 49 S.W.3d at 884–85.

The 2003 amendments to the Texas Rules of Appellate Procedure require the trial court to enter a "certification" of a defendant's right of appeal under Rule 25.2(a)(2). *See* Tex.R.App. P. 25.2(d). The certification form provided in the appendix to the Texas Rules of Appellate Procedure allows the trial court to certify the criminal case

___ is not a plea-bargain case, and the defendant has the right of appeal. [*or*]

___ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [*or*]

___ is a plea-bargain case, but the trial court gave permission to appeal, and the defendant has the right of appeal. [*or*]

___ is a plea-bargain case, and the defendant has the right of appeal. [*or*]

___ is a plea-bargain case, and the defendant has NO right of appeal. [*or*]

___ the defendant has waived the right of appeal.

TEX.R.APP. P. appendix (Vernon 2003).

■ However, none of the above choices apply to a defendant placed on deferred adjudication pursuant to a plea bargain who challenges an issue unrelated to her conviction. Accordingly, we must decide whether the form provided in the appendix is mandated by the Rules of Appellate Procedure or if the form is a sample that may be modified where, as here, none of the choices given the trial court apply.

Rule 25.2 itself contains no language mandating the form the certification must take. The Notes and Comments to Rule 25.2 merely state, "The form of certification of the defendant's right of appeal is provided in an appendix to these rules." The form in the appendix contains no prefatory language indicating the form as provided is mandatory. However, other forms in the appendix do contain such language. The Order Directing The Form of The Appellate Record in Criminal Cases states as follows: "Pursuant to Texas Rule of Appellate Procedure 34.4, the Court of Criminal Appeals of Texas orders that the appellate record in criminal cases be in the form specified below." TEX.R.APP. P. appendix (Vernon 2003). Rule 34.4 states,

"The Supreme Court and Court of Criminal Appeals will prescribe the form of the appellate record." TEX.R.APP. P. 34.4. The instructions to the Application for Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure Article 11.07 states, "You must use this form to file an application for a writ of habeas corpus seeking relief from a final felony conviction (other than a death-penalty case), under Code of Criminal Procedure article 11.07." TEX.R.APP. P. appendix (Vernon 2003). If the applicant does "not follow the instructions on this form, the clerk of the court will write a note of the defect on [the] application and return it to [the applicant] without filing it." *Id.* The Order Adopting Summary Sheet for Postconviction Applications for Writ of Habeas Corpus states, "Pursuant to Texas Rule of Appellate Procedure 73, the Court of Criminal Appeals hereby orders that the attached form to [sic] be used when a postconviction application for writ of habeas corpus is transmitted to the Court of Criminal Appeals." *Id.* Rule 73 provides that an application for postconviction habeas corpus in a non-death-penalty felony case "must be in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose." TEX.R.APP. P. 73.1(a). The clerk of the court will not file an application that is not on the form prescribed by the Court of Criminal Appeals. *Id.* at 73.2.

Although no Texas court has addressed a situation such as that presented here, we note this court has referred to the certification form contained in the appendix as "mandated by the Texas Court of Criminal Appeals." *See Daniels v. State*, 110 S.W.3d 174, 176 (Tex.App.-San Antonio, 2003, n.p.h.). However, our opinion in *Daniels* should not be read as actually holding that the form itself cannot be modified as circumstances require. While the form contained in the appendix addresses

several scenarios under which a defendant has the right of appeal, does not have the right of appeal, or has waived the right of appeal, it does not address all possible scenarios, including where, as here, a defendant has a *limited* right of appeal to which Rule 25.2 does not apply. Thus, while Rule 25.2 requires a trial court to complete and sign a Certification of Defendant's Right of Appeal, it does not mandate the form the certification must take. Nor does the appendix contain an order from the Court of Criminal Appeals prescribing the form to be used. Accordingly, we hold that a trial court may modify the Certification of Defendant's Right of Appeal to reflect that a defendant has the right of appeal under circumstances not addressed by the form provided in the appendix.

In the interest of justice, we abate this appeal for a period of ten days to allow the trial court to amend its certification of the defendant's right of appeal.