COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 LAWRENCE
 WENDALL FEW,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00508-CR
  
 Appeal from the
  
 205th District Court
  
 of El Paso County, Texas
  
 (TC#970D00642)
 
 




 

O
P I N I O N

Lawrence Wendall Few appeals from an
order revoking his probation, adjudicating him guilty of aggravated assault,
and sentencing him to two years= imprisonment.  The
State has filed a motion to dismiss the appeal. 
Having concluded that we do not have the power to address the merits of
the issues raised by Few, we will grant the State=s motion and dismiss the appeal.

Procedural
Background








In February 2001, Few pleaded guilty
to aggravated assault pursuant to a plea agreement with the State.  In accordance with the agreement, the trial
court deferred adjudicating Few=s guilt and placed him on probation for two years.  In April 2002, the State filed a Motion to
Adjudicate Guilt, and in June 2003, the State filed a First Amended Motion to
Adjudicate Guilt.

On June 17, 2003, Few filed a pro
se Petition for Great Writ of Habeas Corpus.   Few raised several allegations in this
petition, including actual innocence, excessive bail, involuntary servitude,
and Asham proceedings@ perpetrated by Aunregistered foreign agents.@ 
The trial court denied the Petition on June 20, 2003.

On July 16, 2003, Few=s newly retained counsel filed an
Application for Writ of Habeas Corpus/Request for Hearing.  In this application, counsel argued that Few
was being held without bond or that the bond amount was excessive and that the
First Amended Motion to Adjudicate Guilt was barred by limitations because it
was filed after his probation expired. 
Counsel also argued that Few=s ability to defend himself was
prejudiced by the lapse of time Ain prosecution@ of this case.  The next day, Few filed a second pro se
Petition for Great Writ of Habeas Corpus, making essentially the same
allegations as his first petition.  On
July 22, 2003, the trial court signed an order stating that the court Aafter having carefully considered
defendant=s motion, arguments of counsel,
proffered evidence, and the applicable case law hereby DENIES the application
for writ of habeas corpus.@








On July 28, 2003, Few=s counsel filed a AMotion to Dismiss for Want of Speedy
Trial.@ 
Counsel asserted that the State had not shown due diligence in arresting
Few one year and three months after filing the Motion to Adjudicate Guilt.  She also argued, as in the Application for
Writ of Habeas Corpus/Request for Hearing, that Few=s ability to defend himself was
prejudiced by the lapse of time in prosecution of this case.

On August 26, 2003, the trial court
conducted a hearing on Few=s motion to dismiss and the State=s motion to adjudicate.  Few=s probation officer testified at the
hearing on the motion to dismiss that a capias for Few=s arrest was issued and executed
after the State filed its Motion to Adjudicate and before Few=s probation expired.  Few=s counsel argued that the issuance of
that capias was irrelevant because it occurred before the State filed its First
Amended Motion to Adjudicate.  But the
judge and the prosecutor agreed that it was established at a previous hearing
that the State was going to proceed on its original Motion to Adjudicate rather
than the First Amended Motion to Adjudicate.








Few also testified at the hearing on
the motion to dismiss.  Over the
prosecutor=s relevance objection, the judge
allowed Few to testify regarding the circumstances surrounding his February
2001 guilty plea.  Few claimed that he
was using prescription medication and was under stress and that his legal
representation was Aless than optimal.@  
He also claimed that one of his witnesses was unavailable.  Few=s counsel argued that this testimony
was relevant to show that his plea was involuntary and that he was prejudiced
by the State=s delay in prosecuting him.  Few additionally testified regarding alleged
prejudice that resulted from the delay in conducting the adjudication
hearing.  At the conclusion of the
hearing, the judge overruled the motion to dismiss and proceeded to the
adjudication hearing.  After the judge
adjudicated Few guilty, Few=s counsel requested Apermission to file an appeal . . . in
this case.@ 
The judge stated, AWell, if I have the authority to give you permission to
appeal, you got it.@

Few filed a motion for new trial on
September 3, 2003, and a notice of appeal on November 20, 2003.  On November 28, 2003, the trial court signed
an order denying a writ of habeas corpus. 
The record does not contain a habeas petition filed after the July 22
order denying habeas relief.  Therefore,
it is not clear why the November 28 order was signed.[1]  On December 15, 2003, the judge signed a
Certification of Defendant=s Right of Appeal.  He
checked blanks in front of the following statements:  (1) Ais a plea-bargain case, but matters
were raised by written motion filed and ruled on before trial and not withdrawn
or waived, and the defendant has the right of appeal@ and (2) Ais a plea-bargain case, but the trial
court has given permission to appeal, and the defendant has the right of
appeal.@

Few=s brief raises five issues:  (1) whether he timely raised his argument
regarding the voluntariness of his guilty plea; (2) whether his guilty plea was
knowing and voluntary; (3) whether he was denied effective assistance of counsel
before he pleaded guilty; (4) whether he was denied his right to a speedy trial
before entering his guilty plea;  and (5)
whether the revocation of his probation was barred by limitations.








Applicable
Law 

Limitations on Appealing Issues
Related to the Guilty Plea

A plea-bargaining defendant may only
appeal:  (1) matters that were raised by
written motion filed and ruled on before trial or (2) after getting the trial
court=s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  In every
criminal case in which the defendant appeals, the trial court must certify
whether the defendant=s appeal falls within one of the two categories listed in
rule 25.2(a)(2).  Tex. R. App. P. 25.2(d). 
This Court, however, is not bound by the trial court=s certification.  Stowe v. State, 124 S.W.3d 228, 232-33
(Tex. App.--El Paso 2003, no pet.).  We
have held that we are not deprived of the power to consider an appeal by a
trial court=s erroneous certification that the
defendant does not have the right of appeal. 
Id. at 236-37.  Similarly,
we are not vested with the power to consider an appeal by virtue of a trial
court=s erroneous certification that the
defendant does have the right of appeal.

Rule 25.2(a)(2) applies when a defendant
seeks to challenge issues related to his conviction in an appeal from the
revocation of deferred adjudication probation. 
Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); Carroll
v. State, 119 S.W.3d 838, 839 (Tex. App.--San Antonio 2003, no pet.).  But it does not apply when the defendant
seeks to challenge issues unrelated to his conviction in an appeal from the
revocation of deferred adjudication probation. 
Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); Carroll,
119 S.W.3d at 839.








Generally, a defendant who is placed
on deferred adjudication probation may raise issues relating to the original
plea proceeding only in an appeal taken when deferred adjudication probation is
first imposed.  Manuel v. State,
994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). 
Such issues may not be raised in an appeal from an order revoking
probation and adjudicating guilt.  Id.  There are two exceptions to the general rule
stated in Manuel:  the Avoid judgment exception@ and the Ahabeas corpus exception.@ 
See Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); Jordan
v. State, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001); Stowe, 124
S.W.3d at 234.

The void judgment exception applies
in Arare situations@ in which the trial court had no
power to render the judgment.  Nix,
65 S.W.3d at 667.  A judgment of
conviction is void when:  (1) the
charging instrument did not satisfy the constitutional requisites of a charging
instrument; (2) the trial court did not have subject matter jurisdiction over
the offense; (3) there was no evidence to support the conviction; or (4)
counsel was not appointed for an indigent defendant who had not waived the
right to counsel.  Id. at 668. The
Court of Criminal Appeals has stated, AWhile we hesitate to call this an
exclusive list, it is very nearly so.@ 
Id.








Like the void judgment exception, the
habeas corpus exception has been narrowly drawn.  Pursuant to this exception, an appellate
court must consider the merits of issues 
that were raised in a petition for writ of habeas corpus before
probation was revoked if the issues are cognizable by a writ of habeas corpus
and if the defendant attempted to litigate the issues at the revocation
hearing.  Id. at 669-70; Jordan,
54 S.W.3d at 786; Stowe, 124 S.W.3d at 234.[2]

Limitation on Appealing Issues
Related to the Adjudication of Guilt

The Code of Criminal Procedure
provides that when a person violates a condition of deferred adjudication
probation, he Ais entitled to a hearing limited to
the determination by the court of whether it proceeds with an adjudication of
guilt on the original charge.  No appeal
may be taken from this determination.@ 
Tex. Code Crim. Proc. Ann.
art. 42.12, ' 5(b) (Vernon Supp. 2004).  The Court of Criminal Appeals has construed
this provision to mean that Aan appellant whose deferred adjudication probation has been
revoked and who has been adjudicated guilty of the original charge, may not
raise on appeal contentions of error in the adjudication of guilt process.@ 
Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App.
1999).  Such an appellant may, however,
raise issues that arose after the adjudication of guilt, such as issues related
to punishment.  See Stowe, 124
S.W.3d at 235.








Discussion

Issues Related to the Guilty Plea

Few=s first two issues concern the voluntariness
of his guilty plea; his third issue concerns the effectiveness of the attorney
who represented him in his guilty plea; and his fourth issue concerns whether
he was denied his right to a speedy trial before entering his guilty plea.  Because all these issues relate to the
original guilty plea, they may not properly be raised in this appeal from an
order revoking deferred adjudication probation unless they fall within the void
judgment or habeas corpus exceptions.

None of the issues raised by Few is
included in the Court of Criminal Appeals= list of reasons for declaring a
judgment void.  See Nix, 65 S.W.3d
at 668.  Involuntary plea or ineffective
assistance claims, even if meritorious, do not render a conviction void.  See id. at 669; Jordan, 54
S.W.3d at 785; Williams v. State, 837 S.W.2d 759, 761 n.1 (Tex. App.--El
Paso 1992, no pet.).  We conclude that a
meritorious speedy trial claim likewise does not render a conviction void.  See Nix, 65 S.W.3d at 669 (A[A] voiding defect should be one that
can be ascertained from the record with little difficulty.@).








At least some of Few=s issues are cognizable by writ of
habeas corpus.  See Rylander v. State,
101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (ineffective assistance claim cognizable);
Jordan, 54 S.W.3d at 785 (involuntariness claim cognizable); Ex parte
McKenzie, 491 S.W.2d 122, 123-24 (Tex. Crim. App. 1973) (considering speedy
trial claim in post-conviction habeas proceeding).  But see Smith v. Gohmert, 962 S.W.2d
590, 593 (Tex. Crim. App. 1998) (holding that speedy trial claim could not
entitle defendant to pretrial habeas relief because he had an adequate remedy
at law).  Few also attempted to litigate
these issues at the motion to dismiss/adjudication hearing.  Nevertheless, we conclude that Few has not
satisfied all the requirements of the habeas corpus exception.

The record contains three habeas
petitions or applications filed by Few and his counsel.  Few=s voluntariness and ineffective
assistance claims were not raised in any of these pleadings.  Therefore, we will not consider these claims
in this appeal.  See Nix, 65
S.W.3d at 669-70; Jordan, 54 S.W.3d at 786; Stowe, 124 S.W.3d at
234.

Few=s speedy trial claim was raised in
the Application for Writ of Habeas Corpus/Request for Hearing filed by his
counsel, but it was also raised in the Motion to Dismiss for Want of Speedy
Trial.  The speedy trial claim was
litigated at the motion to dismiss/adjudication hearing in the context of the
Motion to Dismiss for Want of Speedy Trial, not in the context of the
Application for Writ of Habeas Corpus/Request for Hearing.  By the time the hearing was held, the trial
court had already signed an order denying habeas relief.  Therefore, because the Application for Writ
of Habeas Corpus was not litigated at the same hearing as the revocation, the
habeas corpus exception does not apply.  See
Nix, 65 S.W.3d at 669-70.








Moreover, when the trial court signed
the order denying habeas relief on July 22, 2003, that order was immediately
appealable to this Court.  Ex parte
Hargett, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991); Ex parte Brooks,
97 S.W.3d 639, 639-40 (Tex. App.--Waco 2002, no pet.); Green v. State,
999 S.W.2d 474, 476 (Tex. App.--Fort Worth 1999,  pet. ref=d). 
If Few wished to appeal the order, he had to file a notice of appeal
within thirty days after the order was signed. 
See Tex. R. App. P.
26.2(a)(1); Green, 999 S.W.2d at 476. 
Few=s only notice of appeal was filed on
November 20, 2003.  Although the notice
of appeal was timely to perfect an appeal from the trial court=s decision to revoke his probation,
it was not timely to perfect an appeal from the trial court=s order denying habeas relief.  See Tex.
R. App. P. 26.2(a)(2); Green, 999 S.W.2d at 476-77.  Therefore, we do not have jurisdiction to
review the trial court=s order denying habeas relief.  See Olivo v. State, 918 S.W.2d 519,
522 (Tex. Crim. App. 1996); Green, 999 S.W.2d at 476-77.

The trial court=s certification of Few=s right of appeal does not change our
conclusion that we lack the power to consider issues related to the guilty
plea.  The certification was partly based
on the trial court=s permission to appeal. 
At the conclusion of the motion to adjudicate hearing, the trial judge
stated, AWell, if I have the authority to give
you permission to appeal, you got it.@ 
As explained below, we conclude that the trial judge did not have the
authority to give Few permission to appeal the issues related to his guilty
plea.[3]








In Woods, the Court of
Criminal Appeals held that the predecessor to rule 25.2(a)(2) Acontrols an appeal, made either
before or after an adjudication of guilt, by a defendant placed on deferred
adjudication who challenges an issue relating to his conviction.@ 
68 S.W.3d at 669.[4]  Read in isolation, this sentence could be
interpreted as allowing a plea-bargaining defendant to appeal issues related to
his conviction in the appeal from the revocation of deferred adjudication
probation, if the trial court granted permission or the issues were raised by
written pretrial motions.  But when the
sentence is considered in light of the evolution of the case law in this area,
it is clear that compliance with rule 25.2(a)(2) is not an exception to Manuel.








Before Manuel was decided, the
Court of Criminal Appeals had held that the predecessor to rule 25.2(a)(2)
applied to appeals from the revocation of deferred adjudication probation.  See Watson v. State, 924 S.W.2d 711,
714-15 (Tex. Crim. App. 1996).  In Watson,
the defendant received deferred adjudication in exchange for her guilty
plea.  After her probation was revoked,
she appealed, complaining that the trial court prejudged her sentence.  Id. at 712.  The Court of Criminal Appeals held that Awhen a prosecutor recommends deferred
adjudication in exchange for a defendant=s plea of guilty or nolo contendere,
the trial judge does not exceed that recommendation if, upon proceeding to an
adjudication of guilt, he later assesses any punishment within the range
allowed by law.@  Id. at 714.  Because the defendant was initially sentenced
in accordance with the plea agreement, she could not appeal nonjurisdictional
issues, including issues related to her sentence upon revocation, unless the
trial court granted permission or the issues were raised by written pretrial
motions.  Id. at 714-15.

In Manuel, as in Watson,
the defendant pleaded guilty in exchange for deferred adjudication.  994 S.W.2d at 659.  After his probation was revoked, he appealed,
contending the evidence adduced at the original plea proceeding was
insufficient to prove his guilt.  Id.
at 660.  Citing Watson, the Court
of Criminal Appeals held that the appeal was foreclosed by the predecessor to
rule 25.2(a)(2) because the trial court had not granted permission to appeal
and the sufficiency of the evidence had not been raised by written pretrial
motion.  Id. at 660 n.2, 662 &
n.6.  As noted above, the court also held
that a defendant who receives deferred adjudication may not appeal issues
related to the original plea proceeding in an appeal from the revocation of
probation.  Id. at 661-62.  Thus, Manuel restricted even further
than Watson the matters that a plea-bargaining defendant could appeal
upon the revocation of deferred adjudication probation.  See Vidaurri, 49 S.W.3d at 884.








Two years after Manuel, the
court retreated substantially, but not completely, from Watson.  In Vidaurri, the defendant, like
Watson, received deferred adjudication in exchange for his guilty plea.  After his probation was revoked, he appealed,
complaining that the trial court failed to conduct a punishment hearing before
sentencing him.  Id. at 881.  The appellate court held that it had no
jurisdiction over this issue based on the predecessor to rule 25.2(a)(2) and a
plain reading of Watson.  Id.  The Court of Criminal Appeals reversed this
holding.  The court held that because
Vidaurri=s claim that he was denied a
punishment hearing upon the revocation of probation was unrelated to his
conviction, the predecessor to rule 25.2(a)(2) did not apply.  Id. at 884-85.

Although the court purported to
disavow Watson only in part, Vidaurri seemed to deprive Watson
of any viability in appeals from the revocation of deferred adjudication
probation.  After Vidaurri, Watson
could only prohibit plea-bargaining defendants from  raising issues related to the conviction in
such appeals.  But see id. at 888
(Keller, P.J., dissenting) (AWatson never purported to address whether original plea issues could be raised
on an appeal from a sentence imposed after adjudication.@). 
But the court had already prohibited raising issues related to the
conviction in revocation appeals by holding in Manuel that a defendant
could not raise issues related to the original guilty plea in an appeal from
the revocation of deferred adjudication probation.[5]








Watson was partially resurrected in Woods.  Woods, a juvenile, was certified to stand
trial as an adult.  She later pleaded
guilty in exchange for deferred adjudication. 
On appeal from the revocation of probation, she attempted to raise an
issue regarding the certification order. 
Woods, 68 S.W.3d at 668. 
Based on a statute governing certification orders, the appellate court
held that the issue could be raised in an appeal from the revocation of
probation.  Id. at 668-69 &
n.4.  The Court of Criminal Appeals
granted review to determine Athe proper time to appeal an order certifying a juvenile as
an adult when the defendant has been placed on deferred adjudication probation.@ 
Id. at 668.  Rather than
addressing this issue, however, the court reversed the appellate court because
Woods did not comply with the predecessor to rule 25.2(a)(2).  Id. at 669-70.  The court relied largely on Watson for
this ruling.  See id.

From reviewing these cases, it is
clear that compliance with rule 25.2(a)(2) is not an exception to Manuel.  Rather, noncompliance with rule 25.2(a)(2) is
an additional barrier for a plea-bargaining defendant who wants to raise issues
related to the plea and conviction in an appeal from the revocation of deferred
adjudication probation.  Therefore, even
though Few obtained the trial court=s permission to appeal, he is still
prohibited from raising issues related to his original plea pursuant to Manuel.

Issue Related to Adjudication of
Guilt








Few=s fifth issue concerns whether the
revocation of his probation was barred by limitations.  Few does not cite any statute of limitations
applicable to the revocation of probation. 
Instead, his argument focuses on whether the State exercised due diligence
to adjudicate his guilt before his probation expired.  He also argues that by deciding to proceed on
the original Motion to Adjudicate instead of the First Amended Motion to
Adjudicate, the State effectively and impermissibly amended its motion at the
hearing.  In Connolly, the Court
of Criminal Appeals specifically held that a trial court=s Adecision on the due diligence issue
[is] merely a part of its decision to revoke and proceed to judgment, and no
appeal lies from that decision.@  983 S.W.2d at
741.  More generally, the court held that
no appeal lies from errors Ain the adjudication of guilt process.@ 
Id.  Both of the arguments
raised under Few=s fifth issue concern the adjudication of guilt process.  Therefore, we do not have the power to
address the merits of this issue.[6]

Conclusion

For the reasons stated herein, the
State=s motion to dismiss is granted, and
the  appeal is dismissed.

 

SUSAN
LARSEN, Justice

May 13, 2004

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.

 

(Publish)

 











[1]The
signature on the November 28 order is illegible.  The record contains a subsequent order
denying habeas relief that is almost identical to the November 28 order.  The only differences are that the subsequent
order was signed on December 17, 2003 by the presiding judge and states that a
hearing on the motion was held on June 20, 2003.  Thus, it appears that this order refers to
Few=s first pro se petition.  The record does not reveal why the judge
signed two orders on this petition.





[2]The
basis for the habeas corpus exception is judicial economy.  Nix, 65 S.W.3d at 669-70.  For purposes of filing a petition for writ of
habeas corpus, a deferred adjudication order is not a final conviction.  Id. at 669.  Therefore, a habeas petition filed before
revocation is returnable to the trial court with a direct appeal to the court
of appeals.  Id.  Because the trial court also makes the
decision whether to revoke probation, again with a direct appeal to the court
of appeals, consolidating the two proceedings could save judicial resources.  See id. at 669-70.





[3]The
certification was also partly based on matters raised by written motion filed
and ruled on before trial.  The record
does not contain any written motions that were ruled on before Few=s guilty plea and that raised the
issues he raises in this appeal.  Rule
25.2(a)(2) provides that when a plea-bargaining defendant receives the
punishment recommended by the prosecutor, he Amay
appeal . . . those matters that were raised by written motion filed and
ruled on before trial.@  Tex.
R. App. P. 25.2(a)(2)(A) (emphasis added).





[4]For
guidance in interpreting rule 25.2(a)(2), we may use cases construing
predecessor rules for guidance.  Woods,
68 S.W.3d at 669 n.6; see also Carroll, 119 S.W.3d at 839.





[5]Several
concurring and dissenting justices opined that the Vidaurri majority had
overruled Watson sub silentio. 
See Vidaurri, 49 S.W.3d at 887 (Womack, J., concurring) (A[T]he Court has today silently
overruled Watson.  I, like others,
think Watson was obviously wrong and would say so explicitly.  The statements [in the majority opinion] can
only lead to confusion.@)
(footnotes omitted); id. at 888 (Keller, P.J., dissenting) (AThe Court=s
opinion today would hold appealable the very type of claim we held in Watson
to be barred.  As a result, the Court
appears to have overruled Watson without saying so.@); see also id. at 887-88
(Johnson, J., concurring) (arguing that unless there is a new plea agreement at
the revocation stage, the predecessor to rule 25.2(a)(2) should not apply).





[6]Just
as compliance with rule 25.2(a)(2) is not an exception to Manuel, it is
also not an exception to article 42.12, section 5(b).  See Pearson v. State, 974 S.W.2d 63, 65
n.1 (Tex. App.--San Antonio 1998), rev=d
on other grounds, 994 S.W.2d 176 (Tex. Crim. App. 1999).