NUMBER 13-03-033-CR


COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




RUSSELL ANTOINE ROBINSON,                                         Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 351st District Court
of Harris County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Memorandum Opinion by Justice Castillo

         Russell Antoine Robinson appeals his conviction as a repeat offender for
possession of a controlled substance.


 Robinson pleaded guilty pursuant to an agreed
punishment recommendation. The trial court honored the plea agreement and
sentenced him to two years confinement in the Institutional Division of the Texas
Department of Criminal Justice. We conclude that Robinson's appeal is frivolous and
without merit. We dismiss. 
I. BACKGROUND
         The trial court's judgment, signed November 13, 2002, includes the notation
"Appeal waived. No permission to appeal granted." Robinson filed a timely pro se
notice of appeal on January 9, 2003. The rules of appellate procedure governing how
appeals proceed in criminal cases were amended effective January 1, 2003. This
Court applies the amended rules of appellate procedure to all cases on appeal on the
effective date of the amendments. See, e.g., Escochea v. State, No. 13-01-761-CR,
2004 Tex. App. LEXIS 5366, at *3 (Tex. App.–Corpus Christi June 17, 2004, no
pet. h.). We conclude that the trial court's notation constitutes a certification,
as required by amended rule 25.2 of the rules of appellate procedure, that
Robinson has no right to appeal (the "CORTA"). See Tex. R. App. P. 25.2(a)(2); see
also Carroll v. State, 119 S.W.3d 838, 840 (Tex. App.–San Antonio 2003, no pet.)
(per curiam) (holding that use of CORTA form provided in appendix to appellate rules
is not mandatory). We turn to the merits.
II. DISPOSITION 
A. Anders Brief
         Robinson's court-appointed appellate counsel has filed a brief in
which she concludes that this appeal is frivolous. See Anders v. California,
386 U.S. 738, 744-45 (1967). Counsel has certified that: (1) she diligently reviewed
the record for reversible error; (2) in her opinion, the appeal is without merit; (3) she
served a copy of the brief on Robinson and provided a copy of the complete record to
him; and (4) she informed Robinson of his right to file a pro se brief on his own behalf. 
See id.; see also High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel
Op.] 1978); McMahon v. State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975);
Johnson v. State, 885 S.W.2d 641, 646 (Tex. App.–Waco 1994, pet. ref'd) (per
curiam). More than thirty days have passed since the date of counsel's letter. 
Robinson has not filed a pro se brief. The State has waived its opportunity to respond
to counsel's Anders brief. 
          An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812. Counsel's brief advances two arguable issues on appeal: (1) the
involuntariness of Robinson's plea; and (2) the ineffectiveness of trial counsel. 
Counsel also professionally evaluates the record and demonstrates why these arguable
issues are without merit. See Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim.
App. 1974). With relevant citation to legal precedent and the record, counsel
professionally evaluates the court-ordered psychiatric examination of Robinson, the
pre-trial proceedings, the admonishments in the record, and the plea proceedings. We
do not interpret Anders as requiring appointed counsel to make arguments counsel
would not consider worthy of inclusion in a brief for a paying client or to urge reversal
if, in fact, counsel finds no arguable issue to appeal. See id. We hold that counsel's
brief is not the "conclusory statement" decried by Anders. See id. We turn to our
independent review of the record as mandated by Anders. See Penson v. Ohio,
488 U.S. 75, 80 (1988); see also Escochea, 2004 Tex. App. LEXIS 5366, at *37.                                 B. Independent Review of the Record 
         In our independent review of the record under Anders and Penson in an appeal
following a guilty plea, we first determine if the appellant executed a valid waiver of
the right to appeal. Escochea, 2004 Tex. App. LEXIS 5366, at *37. A voluntary,
intelligent, and knowing waiver of appeal, whether negotiated or non-negotiated,
prevents a defendant from appealing without the consent of the trial court. See id.
at *38 (citing Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003)). We
turn to the record. 
1. Validity of Written Waiver of the Right to Appeal
         Our review of the record reveals that Robinson's signed plea agreement
provided: "Further, I waive any right of appeal which I may have should the court
accept the foregoing plea bargain agreement between myself and the prosecutor." 
The record also shows that the plea bargain in this case incorporated an agreed
recommendation as to punishment that was accepted by the trial court. See Tex. R.
App. P. 25.2(a)(2); see also Escochea, 2004 Tex. App. LEXIS 5366, at *32. We
conclude that Robinson bargained for a sentencing recommendation in exchange for
his waiver. See Escochea, 2004 Tex. App. LEXIS 5366, at *38. He was aware of
the likely consequences when he waived his right to appeal. See id. at *39. He is
bound by his bargain, including the waiver. See id. Moreover, the trial court expressly
denied Robinson permission to appeal and certified that he has no right of appeal,
which we note is consistent with a determination that Robinson's written waiver of
his right to appeal is valid. See id. at *39-*40. The trial court is in a better position
to determine the validity of Robinson's waiver and if there is any arguable merit in his
desire to appeal. See id. at *40. After independently reviewing the record, we hold
that Robinson's written waiver of his right of appeal is valid. See id. 
2. Analysis
         If an appellant executed a valid waiver of the right to appeal and the appeal is
from a negotiated guilty plea, at this time the scope of our duty under Anders and
Penson to review the record independently requires us to examine the record:
(1) following revocation of regular community supervision, for any error in the
revocation proceeding; (2) following a deferred adjudication of guilt, for errors
unrelated to the conviction; (3) for jurisdictional defects in all cases; (4) for matters
raised by written motion ruled on before trial in all cases; (5) for all matters the trial
court granted permission to appeal; and (6) in all cases, the legality of the sentence
imposed as authorized by law. Id. at *32-*33. We note that Robinson is not
appealing from a revocation or adjudication proceeding. He gave up his right to appeal
in a valid written waiver, so he waived review of any matters raised by written motion
filed and ruled on before trial. The trial court did not give Robinson permission to
appeal. Consequently, we independently review the record only for jurisdictional
defects and to determine the legality of the sentence imposed as authorized by law. 
See id. at *32-*33. 
         We find no jurisdictional defects. Moreover, the five-year sentence Robinson
received is within the range authorized by law and is not illegal.


 See id. at *41. 
C. Waiver by Guilty Plea
         Anders counsel has raised arguable issues regarding the voluntariness of
Robinson's plea and the ineffectiveness of trial counsel. Further, our review of the
record reveals that Robinson complained, in his pro se notice of appeal, that he did not
voluntarily plead guilty and that his trial counsel was ineffective. Even if Robinson had
not waived his right to appeal in writing, he waived any appeal of the voluntariness of
his plea when he pleaded guilty to a felony pursuant to an agreed punishment
recommendation. See id. at *42. Similarly, Robinson waived any appeal based on
ineffective assistance of counsel when he pleaded guilty to a felony pursuant to an
agreed punishment recommendation. See id. 
 D. Conclusion
         Having fulfilled our duty to examine the record for error independently, we
conclude that Robinson's appeal is frivolous and without merit. The record does not
substantiate that Robinson has any right of appeal. See id. at *43. It follows,
therefore, that the record does not, and cannot, contain a CORTA showing that
Robinson has the right of appeal. See Tex. R. App. P. 25.2(d); see also Escochea,
2004 Tex. App. LEXIS 5366, at *43. Accordingly, we dismiss this appeal. See Tex.
R. App. P. 25.2(d); see also Escochea, 2004 Tex. App. LEXIS 5366, at *43. 
E. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Escochea, 2004 Tex. App. LEXIS 5366, at *43 (and cited
cases). Counsel has requested to withdraw from further representation of Robinson
on this appeal. We grant counsel's motion to withdraw and order her to inform
Robinson of the disposition of this case and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 

                                                                        ERRLINDA CASTILLO
                                                                        Justice
 
Do Not Publish.
Tex. R. App. P. 47.2(b).
 
Memorandum Opinion delivered and filed
this 1st day of July, 2004.