COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-103-CR
 
  
GARY 
LYNN JACKSON                                                          APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Gary Lynn Jackson seeks to appeal from the trial court’s February 22, 2005 
judgment adjudicating his guilt and sentencing him to seven years’ 
confinement. We dismiss this appeal.
        In 
its certification of Appellant’s right to appeal, the trial court stated that 
this is a plea bargain case and Appellant has no right of appeal, and that 
Appellant waived his right of appeal.[1]  See 
Tex. R. App. P. 25.2(a)(2) 
(providing that trial court shall enter a certification of a defendant’s right 
of appeal in every case in which it enters a judgment of guilt or other 
appealable order).
        The 
purpose of the certification requirement is to efficiently sort appealable cases 
from non-appealable cases. Greenwell v. Court of Appeals for the Thirteenth 
Judicial District,159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (orig. 
proceeding). Certification allows appealable cases to move through the system 
unhindered while eliminating, at an early stage, the time and expense associated 
with non-appealable cases. Id. When an appeal is barred by Rule 
25.2(a)(2), the clerk's and court reporter's records need not be prepared, 
counsel need not be appointed, and briefs need not be filed. Id. On the 
other hand, if there is something in whatever record does exist that indicates 
that an appellant has the right to appeal, the court of appeals must determine 
whether the certification is deficient and resolve the conflict. Id.
        The 
clerk’s record has been filed in the instant case. Therefore, we have a duty 
to examine the certification and compare its recitations to the record to 
determine whether the certification is defective. See Dears v. State, 154 
S.W.3d 610, 613-15 (Tex. Crim. App. 2005).
BACKGROUND
        On 
May 22, 1995, Appellant pled guilty to burglary of a habitation pursuant to a 
plea bargain agreement. The trial court found that the evidence substantiated 
Appellant’s guilt, deferred further proceedings without entering an 
adjudication of guilt, imposed a fine of $1,000, and placed Appellant on 
community supervision for ten years. See Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(a) (Vernon Supp. 2004-05).
        On 
July 12, 2004, the State filed a petition to proceed to adjudication. See 
id. § 5(b). A hearing on the State’s petition was held on February 22, 
2005, at which time Appellant pled true to the allegations in the petition.[2]  Appellant filed a pro se notice of appeal from the 
trial court’s February 22, 2005 judgment that adjudicated Appellant’s guilt 
and assessed punishment.
PLEA BARGAIN AGREEMENT
        The 
trial court’s certification states that Appellant has no right to appeal 
because this is a plea bargain case. By its express terms, Rule 25.2(a)(2) 
places limitations on a defendant’s right to appeal from a plea bargain 
agreement that was followed by the trial court. See Tex. R. App. P. 25.2(a)(2). However, the 
rule specifies that it applies only to a plea of guilty or nolo contendere. Id. 
When a defendant is alleged to have violated the terms and conditions of 
community supervision and the State seeks to proceed to adjudication, the 
defendant does not enter a new plea of guilty or nolo contendere—the defendant 
enters a plea of true or not true. Tex. 
Code Crim. Proc. Ann. art. 42.12, § 5(b). Accordingly, Rule 25.2(a)(2) 
does not apply so as to limit a defendant’s ability to appeal from a 
subsequent plea of true to a revocation motion or a plea of true to a petition 
to proceed to adjudication. See Dears, 154 S.W.3d at 613.
        Although 
the trial court’s certification specifies that Appellant has no right of 
appeal because this is a plea bargain case, there was no plea bargain agreement 
that would preclude Appellant from appealing from the trial court’s judgment 
adjudicating his guilt. Accordingly, the record fails to support the recital in 
the trial court’s certification that Appellant does not have a right to appeal 
because this is a plea bargain case.
WAIVER
        A 
defendant may not appeal from the trial court’s determination of whether it 
proceeds with an adjudication of guilt on the original charge. Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b). However, “[a]fter an adjudication of guilt, all proceedings, 
including assessment of punishment, pronouncement of sentence, granting of 
community supervision, and defendant’s appeal continue as if the adjudication 
of guilt had not been deferred.” Id.
        The 
trial court’s certification recites that Appellant has waived his right of 
appeal.[3]  On February 22, 1995, Appellant 
signed a Judicial Confession pleading true to every allegation in the State’s 
petition to proceed to adjudication. The document containing the court’s 
written admonishments states that it applies either to a petition to revoke 
community supervision or to a petition to proceed to adjudication.[4]  Some of the written admonishments pertain to 
revocation of community supervision, some pertain to adjudication of deferred 
adjudication, and some pertain to both types of proceedings.
        On 
the same date, Appellant also signed a document entitled “WAIVER OF RIGHTS TO 
APPEAL COMMUNITY SUPERVISION REVOCATION.” The title of this document obviously 
pertains to waiver of Appellant’s right to appeal from the revocation of his 
community supervision. Neither the title nor the text of the document 
specifically mentions that Appellant is waiving anything that he might be 
entitled to appeal from the February 22, 2005 proceeding adjudicating his guilt, 
assessing punishment, and sentencing him.
        However, 
when we review the full text of the waiver, Appellant acknowledges that he has 
“been convicted of the offense of Burglary of Habitation and sentenced 
therein” and “I know that I have the legal right of appeal from this 
conviction.” It further recites that Appellant does “not desire to appeal 
and expressly waive[s] any appeal in this case, and I hereby accept as final the 
judgment of conviction and sentence herein and I request that I be allowed to 
commence serving the same without further delay.”
        Although 
the waiver document is mistitled and does not expressly mention waiver of appeal 
from the adjudication decision or the subsequent punishment or sentencing, it 
does contain Appellant’s acknowledgment that he has been convicted and 
sentenced, which event could not have occurred until after the trial court 
adjudicated Appellant’s guilt, held a punishment hearing, and sentenced him. 
Further, the waiver recites that Appellant accepts as final the judgment of 
conviction and sentence of the trial court. The waiver document was signed by 
Appellant and his attorney on the day of the hearing on the State’s petition 
to proceed to adjudication.
        For 
us to find that by signing the waiver document Appellant did not waive his right 
to appeal from the trial court’s February 22, 2005 judgment adjudicating his 
guilt and sentencing him would be to elevate form over substance. Accordingly, 
we conclude that the record supports the recital in the trial court’s 
certification that Appellant has waived his right to appeal the trial court’s 
February 22, 2005 judgment.
CONCLUSION
        Because 
Appellant has no right to appeal, we dismiss the appeal. See Tex. R. App. P. 25.2(d), 43.2(f).
  
   
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
 
  
PANEL 
D: HOLMAN, GARDNER, and WALKER, JJ.
 
PUBLISH
 
DELIVERED: 
June 23, 2005


NOTES
1.  
The trial court’s certification, signed February 22, 2005, is in the format 
promulgated by the court of criminal appeals in 2003. See Tex. R. App. P. 25.2 [Form included in 
Appendix] (Vernon 2003). However, this form is not an exclusive listing of all 
situations that might arise wherein a defendant has a right to appeal. 
Accordingly, a trial court may modify the certification contained in the 
appendix to the rules of appellate procedure to accurately reflect that a 
defendant has the right of appeal under circumstances not addressed by the form 
provided in the appendix. Carroll v. State, 119 S.W.3d 838, 841 (Tex. 
App.—San Antonio 2003, no pet.). Indeed, this court has revised the 
certification form preferred by this court to add categories for the trial court 
to indicate that the case: “is a deferred adjudication case, and the defendant 
has a limited right of appeal,” or “involves another appealable order 
(specify: ).”
        On 
November 3, 2004, the Clerk of this court sent a cover letter and the revised 
certification form to all criminal trial court clerks and judges within the 
district of the Second Court of Appeals. We encourage trial judges to use the 
revised certification form provided by this court inasmuch as it is more 
inclusive than the form included in the appendix to the rules of appellate 
procedure.
2.  
There is no indication in the record that Appellant entered into a plea bargain 
agreement regarding the State’s petition to proceed to adjudication.
3.  
A valid waiver of appeal prevents a defendant from appealing without the trial 
court's consent. Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 
2003).
4.  
It is entitled “WRITTEN PLEA ADMONISHMENTS ON PETITION TO REVOKE COMMUNITY 
SUPERVISION OR TO PROCEED TO ADJUDICATION.”