

## NUMBER 13-15-00068-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**CRISSY NICOLE GUERRA,**                                                 **Appellant**

**v.**

**THE STATE OF TEXAS,**                                                 **Appellee.**

### On appeal from the 404th District Court
### of Cameron County, Texas.

# O R D E R

### Before Chief Justice Valdez and Justices Benavides, and Perkes
### Order Per Curiam

Appellant, Crissy Nicole Guerra, has filed a notice of appeal with this Court from his conviction in trial court cause number 2012-DCR-351-G. The trial court's certification of the defendant's right to appeal shows that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if a certification showing that a defendant has a right of appeal is not made a part of the record. TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4.

The Texas Court of Criminal Appeals has held that a trial counsel's duties do not end upon sentencing, but rather, include advising a client concerning the right to appeal and "taking other steps to pursue an appeal." *See Jones v. State,* 98 S.W.3d 700, 703 (Tex. Crim. App. 2003).

Within thirty days of receipt of this notice, appellant's lead appellate counsel, Douglas Pettit, is hereby ORDERED to: 1) review the record; 2) determine whether appellant has a right to appeal; and 3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal and/or advise this Court as to the existence of any amended certification.

If appellant's counsel determines that appellant has a right to appeal, counsel is further ORDERED to file a motion with this Court within thirty days of receipt of this notice, identifying and explaining substantive reasons why appellant has a right to appeal. *See* TEX. R. APP. P. 44.3, 44.4; *see also, e.g., Carroll v. State,* No. 04-03-00473-CR, 2003 Tex. App. LEXIS 7317 (San Antonio 2003, no pet.) (designated for publication) (certification form provided in appendix to appellate rules may be modified to reflect that defendant has right of appeal under circumstances not addressed by the form). The motion must include an analysis of the applicable case law, and any factual allegations therein must be true and supported by the record. *Cf. Woods v. State,* 108 S.W.3d 314, 316 (Tex. Crim. App. 2003) (construing former appellate rule 25.2(b)(3) and holding that recitations in the notice of appeal must be true and supported by the record). Copies of record documents necessary to evaluate the alleged error in the certification affecting appellant's right to appeal shall be attached to the motion. *See* TEX. R. APP. P. 10.1, 10.2.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of February, 2015.