

## NUMBER 13-15-00286-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JESICA ALYS MASCORRO,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

### On appeal from the 36th District Court
### of Aransas County, Texas.

# O R D E R

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Per Curiam

Appellant, Jesica Alys Mascorro, has filed a notice of appeal with this Court from her conviction in trial court cause number A-14-5169-2-CR. The trial court's certification of the defendant's right to appeal shows that the defendant does not have the right to appeal. *See* Tex. R. App. P. 25.2(a)(2). The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if a certification showing that a defendant has a right of appeal is not made a part of the record. Tex. R. App. P. 25.2(d); *see* Tex. R. App. P. 37.1, 44.3, 44.4.

Within thirty days of receipt of this notice, appellant's lead appellate counsel, Hon. Coretta Graham, is hereby ORDERED to: 1) review the record; 2) determine whether appellant has a right to appeal; and 3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal and/or advise this Court as to the existence of any amended certification.

If appellant's counsel determines that appellant has a right to appeal, counsel is further ORDERED to file a motion with this Court within thirty days of receipt of this notice, identifying and explaining substantive reasons why appellant has a right to appeal. *See* TEX. R. APP. P. 44.3, 44.4; *see also, e.g., Carroll v. State,* No. 04-03-00473-CR, 2003 Tex. App. LEXIS 7317 (San Antonio 2003, no pet.) (designated for publication) (certification form provided in appendix to appellate rules may be modified to reflect that defendant has right of appeal under circumstances not addressed by the form). The motion must include an analysis of the applicable case law, and any factual allegations therein must be true and supported by the record. *Cf. Woods v. State,* 108 S.W.3d 314, 316 (Tex. Crim. App. 2003) (construing former appellate rule 25.2(b)(3) and holding that recitations in the notice of appeal must be true and supported by the record). Copies of record documents necessary to evaluate the alleged error in the certification affecting appellant's right to appeal shall be attached to the motion. *See* TEX. R. APP. P. 10.1, 10.2.

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the 1st day of July 2015.