

# NUMBER 13-22-00505-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JUAN GARCIA CERVANTES A/K/A JUAN CERVANTES,**       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

---

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

---

# O R D E R

### Before Justices Longoria, Hinojosa, and Silva
### Order Per Curiam

Appellant, Juan Garcia Cervantes a/k/a Juan Cervantes, has filed a notice of appeal with this Court from his conviction in trial court cause number CR-3283-22-A. The trial court's certification of the defendant's right to appeal shows that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if a certification showing that a defendant has a right of appeal is not made a part of the record. *Id.* R. 25.2(d);

*see id.* R. 37.1, 44.3, 44.4. The purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases so that appealable cases can "move through the system unhindered while eliminating, at an early stage, the time and expense associated with non-appealable cases." *Greenwell v. Ct. of Apps. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); *see Hargesheimer v. State*, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006).

Within thirty days of date of this notice, appellant's lead appellate counsel, Victoria Guerra, is hereby ORDERED to: 1) review the record; 2) determine whether appellant has a right to appeal; and 3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal and/or advise this Court as to the existence of any amended certification. If appellant's counsel determines that appellant has a right to appeal, counsel is further ORDERED to file a motion with this Court within thirty days of this notice, identifying and explaining substantive reasons why appellant has a right to appeal. *See* TEX. R. APP. P. 44.3, 44.4; *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see also, e.g., Carroll v. State*, 119 S.W.3d 838, 841 (Tex. App.—San Antonio 2003, no pet.) (certification form provided in appendix to appellate rules may be modified to reflect that defendant has right of appeal under circumstances not addressed by the form). The motion must include an analysis of the applicable case law, and any factual allegations therein must be true and supported by the record. *See Dears*, 154 S.W.3d at 614–15; *cf. Woods v. State,* 108 S.W.3d 314, 316 (Tex. Crim. App. 2003) (construing former appellate rule 25.2(b)(3) and holding that recitations in the notice of appeal must be true and supported by the record). Copies of record documents necessary to evaluate the alleged error in the certification affecting

appellant's right to appeal shall be attached to the motion.  *See* TEX. R. APP. P. 10.1, 10.2.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
29th day of November, 2022.