## DEAN SCOTT v. STATE.

No. 25,966. October 27, 1952.
Motion to Reinstate Appeal Denied December 10, 1952.

*H. S. Beard,* Waco, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for keeping a bawdy house; the punishment, a fine of $200 and 20 days in jail.

The record contains no notice of appeal. The state moves to dismiss the appeal because of such fact.

In reply, appellant insists that the record affirmatively reflects that his motion for new trial has not been passed upon but is pending, undisposed of, in the trial court. He urges, therefore, that there is no final judgment against him from which he can give notice of appeal. He would have us so hold.

This contention is based upon the provisions of Art. 755, C. C. P., as amended by Chap. 464, Acts of the Regular Session of the 52nd Legislature, whereby authority is given for the filing or determination of a motion for new trial after adjournment of the term at which the case was tried, whether in vacation or at a new term of court. It is argued that such statute repeals the presumption that the adjournment of court without passing upon a motion for new trial constituted an automatic overruling of the motion, as was the rule prior to the amendment of Art. 755, C. C. P., above mentioned. Williams v. State, 99 Tex. Cr. R. 356, 269 S. W. 434.

The appellate jurisdiction of this court is invoked by a notice of appeal given in open court and entered of record. No such notice of appeal appears in this record. Obviously, therefore, the appellate jurisdiction of this court has not attached, and we are without authority, in this proceeding, to determine the question sought to be presented by appellant.

The state's motion to dismiss the appeal is granted, and the appeal is dismissed.

Opinion approved by the court.

ON MOTION FOR REHEARING.

MORRISON, Judge.

At a previous day of this term, we dismissed the appeal herein, because no notice of appeal appeared in the record.

Appellant has attempted to cure this defect by furnishing this court with a nunc pro tunc order of the trial court. An examination of such order reveals that it was an effort on the part of the trial court to perfect appellant's appeal, not on the case on its merits, but an appeal from his order of June 17, 1952, denying the prayer that he enter a nunc pro tunc order. This was an interlocutory order and not appealable to this court. 4 Tex. Juris., Sec. 18, p. 33.

The motion to reinstate the appeal is denied.