Nos. 04-99-00340-CR and 04-99-00341-CR



Sedrick ROBINSON,


Appellant



v.



The STATE of Texas,


Appellee



From the 227th Judicial District Court, Bexar County, Texas


Trial Court Nos. 92-CR-7536 and 93-CR-0240


Honorable Phil Chavarria, Judge Presiding



PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: July 28, 1999


DISMISSED FOR LACK OF JURISDICTION


 Sedrick Robinson was indicted in cause number 92-CR-7536 for delivery of cocaine to
Darrell Sanders on or about June 24, 1992. He was indicted in cause number 93-CR-0240 for
delivery of cocaine to Stephen Fuchs on or about June 17, 1992. Robinson pled guilty in each case
and, on May 13, 1993, pursuant to a plea bargain agreement, the court sentenced Robinson to ten
years incarceration and a fine of $250.00 in cause number 92-CR-7536 and to ten years incarceration
with no fine in cause number 93-CR-0240. In each case, the court suspended imposition of the
sentence and placed Robinson on probation for a period of ten years. On June 11, 1995, the court
granted Robinson's motion for early termination of probation in each case.

 On February 5, 1999, Robinson filed a motion for judgment nunc pro tunc in each case. The
motions allege cause numbers 92-CR-7536 and 93-CR-0240 were or should have been consolidated,
and the lack of a consolidation order may adversely effect his access to rehabilitation programs in
the federal prison system, where Robinson is currently incarcerated. The trial court denied the
motions without a hearing on March 16, 1999. On May 17, 1999, Robinson filed notices of appeal
from the trial court's denials of his motions.

 On June 24, 1999, after reviewing the clerk's records, we questioned whether the trial court's
March 16, 1999 orders are appealable and whether Robinson's notices of appeal were timely filed.
Accordingly, we ordered Robinson to show cause, no later than July 12, 1999, why his appeal should
not be dismissed for lack of jurisdiction. Robinson did not respond.

 The notices of appeal state they were filed late because Robinson did not receive notice of
the March 16, 1999 order. We need not address this issue, however, because the trial court's orders
denying the motion for judgment nunc pro tunc are not appealable.

 A defendant may, in certain circumstances, appeal an order nunc pro tunc that modifies the
judgment against him. See Moore v. State, 446 S.W.2d 878, 879 (Tex. Crim. App. 1969); Ex parte
Curry, 712 S.W.2d 878, 880 (Tex. App.--Austin 1986, orig. proceeding). However, a defendant may
not appeal an order denying a motion for judgment nunc pro tunc. See Scott v. State, 253 S.W.2d 275
(Tex. Crim. App. 1952); c.f. Shadowbrook Apts. v. Abu-Ahmad, 783 S.W.2d 210 (Tex. 1990) (in
civil case, denial of motion for judgment nunc pro tunc is not appealable). Accordingly, we dismiss
these appeals for want of jurisdiction.

 PER CURIAM

DO NOT PUBLISH