

# Fourth Court of Appeals
## San Antonio, Texas

September 23, 2014

No. 04-14-00625-CR

Ex Parte Devan S. **MATTHEWS**,
Appellant

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR11609
Honorable Ron Rangel, Judge Presiding

## O R D E R

On June 16, 2014, the trial court denied Appellant's pre-trial application for writ of habeas corpus. Appellant had thirty days to file a notice of appeal. *See* TEX. R. APP. P. 26.2(a); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Green v. State*, 999 S.W.2d 474, 476 (Tex. App.—Fort Worth 1999, pet. ref'd).

Appellant concedes he did not timely file a notice of appeal, but he asserts he had no notice or actual knowledge of the appealable order within twenty days of the date the order was signed. *Cf.* TEX. R. APP. P. 4.2(c) (no notice in civil case); TEX. R. CIV. P. 306a (same). However, in a criminal case, neither Appellate Rule 4.2 nor Civil Rule 306a applies. *E.g.*, *Dewalt v. State*, 417 S.W.3d 678, 689–90 (Tex. App.—Austin 2013), *pet. ref'd*, 426 S.W.3d 100 (Tex. Crim. App. 2014) ("Although [no notice of the appealable order] might excuse an untimely notice of appeal in a civil case, '[n]o comparable rule exists for criminal cases,' and Texas courts have routinely held, as we must do here, that being unaware of an appealable order or judgment does not excuse an untimely notice of appeal." (second alteration in original) (footnotes omitted)); *Pope v. State*, No. 05-10-01455-CR, 2011 WL 924477, at *2 (Tex. App.—Dallas Mar. 18, 2011, no pet.) (mem. op., not designated for publication) (same).

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Olivo*, 918 S.W.2d at 522; *Green*, 999 S.W.2d at 476. In this case, Appellant concedes the notice of appeal was not timely filed but moves this court to grant an extension of time to file the notice of appeal.

A late notice of appeal may be considered timely so as to invoke a court of appeal's jurisdiction if

(1) it is filed within fifteen days of the last day allowed for filing,

    (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and

    (3) the court of appeals grants the motion for extension of time.

*Olivo*, 918 S.W.2d at 522; *see also Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) ("If a notice of appeal is not timely filed [under Rule 26.2 or Rule 26.3], the court of appeals has no option but to dismiss the appeal for lack of jurisdiction.").

    Therefore, we ORDER Appellant to show cause in writing within TEN DAYS from the date of this order why this appeal should not be dismissed for want of jurisdiction. *See Castillo*, 369 S.W.3d at 198; *Olivo*, 918 S.W.2d at 522.

_____
Patricia O. Alvarez, Justice

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 23rd day of September, 2014.

_____
Keith E. Hottle
Clerk of Court