**Abatement Order filed April 27, 2016.**



**In The**

# Fourteenth Court of Appeals

---

**NO.14-15-00854-CR**
**NO.14-15-00855-CR**

---

**JOHN MICHAEL ENARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1375416 and 1439251**

---

# A B A T E M E N T   O R D E R

Appellant John Michael Enard was charged by indictment in trial court cause number 1375416 with failure to comply with a sex-offender registration requirement. Appellant was also charged by indictment in trial court cause number 1439251 with violating a civil commitment requirement. In trial court cause number 1453912, appellant sought pre-trial habeas-corpus relief, including the dismissal of the indictment against him in in trial court cause number 1439251.  The trial court denied

the requested habeas-corpus relief, and appellant has appealed the denial of this relief in Cause No. 14-15-00766-CR in this court.

After the trial court denied appellant's request for habeas-corpus relief in trial court cause number 1453912, appellant pleaded guilty in trial court cause number 1439251 and in trial court cause number 1375416. Before pronouncing sentence, the trial court asked appellant if there was any legal reason why sentence should not be imposed in either of the two cases. At that time, defense counsel asked the trial court to take judicial notice of cause number 1453912, in which appellant had sought habeas-corpus relief and stated that appellant would "reurge those objections at this time." The trial court took judicial notice of the contents of its file in cause number 1453912 and overruled appellant's objections. Appellant also asserted an objection under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, which the trial court overruled.

The trial court pronounced sentence in each of the criminal cases and signed judgments of conviction. In each case, the trial court certified that the case was a plea-bargain case, but that matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and that appellant has the right of appeal.

Appellant filed notices of appeal in each case, and these appeals are pending in this court in Cause Nos. 14-15-00854-CR and 14-15-00855-CR. In 14-15-00854-CR, appellant has not challenged his conviction in trial court cause number 1375416 for failure to comply with a sex-offender registration requirement. In trial court cause number 1375416, the trial court certified that the case was a plea-bargain case, but that matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and that appellant has the right of appeal. Appellant's request for habeas-corpus relief in trial court cause number 1453912 was not a written motion filed and ruled on before trial within the meaning of Texas Rule of Appellate

Procedure 25.2(a)(2). *See* Tex. R. App. P. 25.2; *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649–50 (Tex. Crim. App. 2005); *Green v. State*, 999 S.W.2d 474, 476–77 (Tex. App.—Fort Worth 1999, pet. ref'd). Appellant's objections in open court before pronouncement of sentence were not a written motion that was filed in the trial court and therefore these objections were not a written motion filed and ruled on before trial within the meaning of Texas Rule of Appellate Procedure 25.2(a)(2). *See* Tex. R. App. P. 25.2. The record does not reflect that, in trial court cause number 1375416, matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived. Therefore, the trial court's certification is not supported by the record.

In 14-15-00855-CR, appellant has challenged his conviction in trial court cause number 1439251. In that case, the trial court certified that the case was a plea-bargain case, but that matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and that appellant has the right of appeal. Appellant's request for habeas-corpus relief in trial court cause number 1453912 was not a written motion filed and ruled on before trial within the meaning of Texas Rule of Appellate Procedure 25.2(a)(2). *See* Tex. R. App. P. 25.2; *Greenwell*, 159 S.W.3d at 649–50; *Green*, 999 S.W.2d at 476–77. Appellant's objections in open court before pronouncement of sentence were not a written motion that was filed in the trial court and therefore these objections were not written motions filed and ruled on before trial within the meaning of Texas Rule of Appellate Procedure 25.2(a)(2). *See* Tex. R. App. P. 25.2. It is not clear from our record whether the trial court intended to grant appellant permission to appeal.

Accordingly, we **ORDER** these two appeals **ABATED** and direct the trial court to file amended Rule 25.2(a)(2) certifications in cause numbers 1375416 and 1439251. By amending the Rule 25.2(a)(2) certifications, the trial court can reflect whether the trial court has given appellant permission to appeal in either or both of

these plea-bargain cases. The trial court's amended certifications for each cause are to be included in supplemental clerk's records and transmitted to this court no later than **May 11, 2016**. The appeals will be reinstated when the supplemental clerk's records have been filed. This court may reinstate the appeals on the motion of any party or on its own motion.

It is so ORDERED.

PER CURIAM