**Opinion filed September 8, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00229-CR

_____

## RAMON QUIROGA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-40,472**

## M E M O R A N D U M   O P I N I O N

Ramon Quiroga, Appellant, has filed an untimely notice of appeal from an order denying his application for writ of habeas corpus and his motion to dismiss the indictment. We dismiss the appeal.

The documents on file in this case indicate that the order was entered on June 8, 2016, and that the notice of appeal was filed in the district clerk's office on August 17, 2016. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be

dismissed for want of jurisdiction. We requested that Appellant respond to our letter and show grounds to continue. Appellant has responded and asks that we consider this appeal because appellate counsel was not appointed to appeal the double jeopardy issue until fifty-seven days after the order was signed. Although we understand that the failure to timely file the notice of appeal was not appellate counsel's fault, we are not authorized to permit this appeal to continue.

If an applicant for pretrial habeas corpus relief seeks appellate review of an order by which the trial court denies such relief, the applicant must file the notice of appeal within thirty days after the day the trial court enters the order. *Ex parte Matthews*, 452 S.W.3d 8, 13 (Tex. App.—San Antonio 2014, no pet.); *Green v. State*, 999 S.W.2d 474, 476 (Tex. App.—Fort Worth 1999, pet. ref'd); *see* TEX. R. APP. P. 26.2(a)(1); *see also Kelson v. State*, 167 S.W.3d 587, 594 (Tex. App.—Beaumont 2005, no pet.). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court seventy days after the trial court entered the order from which Appellant attempts to appeal. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993); *Matthews*, 452 S.W.3d at 13; *Green*, 999 S.W.2d at 476.

Accordingly, this appeal is dismissed for want of jurisdiction.


September 8, 2016                                          PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.