

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00426-CR

_____

Ex parte Quincy Blakely

_____

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F17-2106-211

_____

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Pro se appellant Quincy Blakely is trying to appeal the trial court's November 14, 2019 order denying what he called a "Pre-Trial Writ of Habeas Corpus." An order denying a pretrial writ of habeas corpus is appealable—even if the claims raised within the writ are not cognizable for habeas relief. *See Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998).

But the trial court's appellate-right certificate provides that Blakely cannot appeal the order. We agree. Blakely is not appealing an order denying a pretrial writ of habeas corpus; he is trying to appeal an interlocutory order denying a pretrial motion. We dismiss for want of jurisdiction.

## Background

Blakely filed an original and an amended "Pre-Trial Writ of Habeas Corpus." Our record review shows that Blakely argued and the trial court denied the amended "Pre-Trial Writ." The document we describe below is thus Blakely's amended "Pre-Trial Writ."

In his amended "Writ," Blakely complained about

- the State's inability to prove its case under the applicable law (under three incarnations—a section analyzing the penal code statute, a section entitled "Non-Applicable Statute," and a third captioned "Non-Applicability");

- the officer's arresting him without probable cause;

- the invalidity of the arrest warrant's affidavit;

2

- lack of jurisdiction because the indictment failed to specify where in the county the offense had allegedly occurred;

- an allegedly defective indictment—again because the indictment did not identify where in the county the offense allegedly occurred;

- double jeopardy—not because the State had already tried and convicted him of the charged offense but because the indictment—he asserted—was so ambiguous that the State could prospectively force him to trial and potentially convict him using the same ambiguous language;[1]

- witness tampering; and

- false imprisonment because the police arrested him without a warrant (but not because his current liberty was restrained in any capacity).[2]

Despite the nomenclature, the record shows that the trial court did not consider Blakely's "Pre-Trial Writ" to be a pretrial writ; rather, the trial court referred repeatedly to it as a pretrial motion. In the same vein, the trial court repeatedly called the hearing a "pretrial hearing" and not a hearing on a pretrial writ. Not once during the entire hearing are the words "habeas corpus" mentioned. And after ruling against Blakely, the trial court specifically told him that he could not appeal an interlocutory order.

---

[1] At the hearing, Blakely explained, "The indictment is fundamentally defective because it doesn't state the place. That puts me at risk of double jeopardy. The State could, at a later time, charge me for the same offense in a different location. So it has to specify the place."

[2] The police arrested Blakely on an outstanding arrest warrant for criminal trespass.

3

On the same date as the hearing and ruling, November 14, 2019, the trial court signed the "Trial Court's Certification of Defendant's Right of Appeal" but did not check any of the available options on the form. Designed primarily for postconviction appeals, the form has no option addressing interlocutory orders.

Despite the trial court's admonition that Blakely was not entitled to an interlocutory appeal, on the very next day, Blakely filed a notice of appeal.

And on November 18, 2019, Blakely filed in our court a file-marked copy of his notice of appeal along with a copy of the trial court's November 14, 2019 order, but he did not file the trial court's appellate-right certification. So, on November 19, 2019, we requested one. *See* Tex. R. App. P. 25.2(a)(2) ("The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order . . . .").

Back in the trial court, on November 25, 2019, Blakely filed a "Notice to the Court" requesting the certification. He argued that he had the right to appeal under *McCullough*, 966 S.W.2d at 531, and *Waldie v. State*, 923 S.W.2d 152, 157 (Tex. App.—Beaumont 1996, no pet.). In *McCullough*, the court wrote,

> Certain claims may not be cognizable on habeas corpus, i.e., they may not be proper grounds for habeas corpus relief. However, if the district court denies relief, regardless of the underlying claims for the relief sought, the applicant may appeal. In the present case, the district court denied the relief sought. Appellant properly appealed. The Court of Appeals had jurisdiction. Whether Appellant's grounds for relief are cognizable is another matter.

966 S.W.2d at 531 (citations omitted). And in *Waldie*, the court wrote,

4

> Double jeopardy may be raised either by a pretrial special plea pursuant to Tex. Code Crim. Proc. Ann. art. 27.05 (Vernon 1989) or by a pretrial writ of habeas corpus. The special plea protects only against reconviction, not retrial. A defendant who seeks protection from retrial must file a writ of habeas corpus. If the court grants the writ and thereafter denies the relief requested, the defendant may take an immediate appeal.

923 S.W.2d at 157. As noted earlier, Blakely raised prospective double-jeopardy concerns in his "Pre-Trial Writ."

On December 2, 2019, the trial court signed a certificate indicating that Blakely did not have the right to appeal. When doing so, the trial court modified the form so that it now provided, "I, judge of the trial court, certify this criminal case: __X__ is not a plea-bargain case, and the defendant has NO right of appeal."

After reviewing the certification, we sent the following clerk's letter,

> The court has jurisdictional concerns. Although appellant is attempting to appeal the order denying what he styled a "Pre-Trial Writ of Habeas Corpus," the court is concerned that his "writ" is a pleading that may be a writ in caption only. Substantively, that is, appellant appears to have filed an omnibus pretrial motion. Because the title of a document is not controlling, *See State v. Evans*, 843 S.W.2d 576, 577–78 (Tex. Crim. App. 1992), the court is concerned that appellant is attempting to appeal an interlocutory order disposing of nonappealable matters. *See Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.); *Ahmad v. State*, 158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet. ref'd).
>
> Unless appellant or any party desiring to continue the appeal files with the court, on or before Friday, January 3, 2020, a response showing grounds for continuing the appeal, the appeal may be dismissed. *See* Tex. R. App. P. 25.2(d), 44.3. [Cleaned up.]

Our concern was not whether Blakely had filed a pretrial writ of habeas corpus with non-cognizable claims, although that was certainly one argument. Rather, our concern was whether Blakely had filed a document not cognizable as a pretrial writ of habeas corpus.

Blakely filed no timely response.

## Discussion

The Texas Code of Criminal Procedure's Chapter 11 addresses habeas corpus proceedings. *See* Tex. Code Crim. Proc. Ann. arts. 11.01–.65. In his "Pre-Trial Writ," Blakely never cited to any Chapter 11 provision.

"The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." *Id.* art. 11.01. A habeas corpus requisite is a petition stating that the applicant is "illegally restrained in his liberty." *Id.* art. 11.14(1). Although Blakely asserted many things in his document, he did not assert that he was being "illegally restrained in his liberty."

And although Blakely cited much caselaw, he did not cite any addressing pretrial writs of habeas corpus.[3]

An applicant may seek pretrial habeas corpus relief only in very limited circumstances. *Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.). Pretrial habeas relief is an extraordinary remedy reserved for cases in which

---

[3]He cited one postconviction habeas case: *Ex parte Patterson*, 969 S.W.2d 16, 18 (Tex. Crim. App. 1998).

resolving a legal issue in the applicant's favor results in the applicant's immediate release from an illegal restraint on the applicant's liberty. *Id.*; *see Ex parte Flores*, 483 S.W.3d 632, 638 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ("A claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release."); *Green v. State*, 999 S.W.2d 474, 477 (Tex. App.—Fort Worth 1999, pet. ref'd) ("[T]he purpose of a pretrial habeas corpus application is not to facilitate trial, but to stop trial and secure immediate release from confinement."); *see also Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010) (explaining that pretrial habeas relief is unavailable for asserting the constitutional right to a speedy trial or, generally, to test the sufficiency of a charging instrument); *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (explaining that a pretrial habeas applicant may challenge the State's power to restrain him at all; the manner of his pretrial restraint (such as challenging conditions attached to bail); or other issues which, if meritorious, would bar prosecution or conviction). Generally, due-process claims are not cognizable for pretrial habeas relief. *Walsh*, 530 S.W.3d at 778.

We must decide whether Blakely filed a pretrial writ or a pretrial motion. Pretrial writs and pretrial motions serve different functions, and procedurally, they are distinct.

Pretrial motions and pretrial hearings are conducted under Article 28.01 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 28.01. The pretrial

hearing's purpose is to address and resolve certain matters before trial and thus avoid delays during trial. *Green*, 999 S.W.2d at 476. "Rulings on pretrial motions are interlocutory and not subject to immediate appeal." *Id.* This is true even of pretrial motions that seek to abort trial. *See id.* at 475–76; *Ahmad v. State*, 158 S.W.3d 525, 527 (Tex. App.—Fort Worth 2004, pet. ref'd); *see also Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.) ("There is no statute providing for interlocutory appeal of denial of a motion to dismiss.").

In contrast, the pretrial habeas corpus application's purpose is to stop trial and to secure immediate release from illegal confinement or restraint, not to facilitate trial. *Green*, 999 S.W.2d at 477. Unlike motions, a habeas corpus action is a separate proceeding—distinct from the cause instituted by the State's indictment. *Id.* Habeas corpus proceedings should be docketed separately from the substantive cause and be given a different cause number. *Id.* (relying on *Ex parte Shumake*, 953 S.W.2d 842, 846 n.8 (Tex. App.—Austin 1997, no pet.)). An appeal from an order denying habeas relief is not an interlocutory appeal from within the substantive cause (the one that the State is prosecuting under the indictment). *Id.* Rather, an appeal from an order denying habeas relief is an appeal from a final judgment because a pretrial application for writ of habeas corpus is its own separate proceeding. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649–50 (Tex. Crim. App. 2005) (orig. proceeding).

Substantively, although Blakely was trying to abort the criminal proceedings against him, he did not package or couch his arguments in terms of procuring his immediate release from any illegal restraint—the *sine qua non* of a habeas writ. *See* Tex. Code Crim. Proc. Ann. arts. 11.01, 11.14(1). And procedurally, Blakely's "Pre-Trial Writ" was not filed under a separate cause number. It is true that a separate cause number's presence or absence is not the be-all and end-all; its absence might be happenstance. *See Ex parte Carter*, 849 S.W.2d 410, 411 n.2 (Tex. App.—San Antonio 1993, pet. ref'd) ("Failure to docket habeas corpus proceedings separately is a common mistake of the bench and bar and the court clerks of this State."). But based on the trial court's comments during the hearing, Blakely's document's not having a separate cause number was no oversight. *See Ex parte Cantu*, 913 S.W.2d 701, 704 (Tex. App.—San Antonio 1995, pet. ref'd) ("[T]he district courts are not limited by the denomination of pleadings but may look to the essence of those pleadings.") What Blakely filed was a pretrial motion within the substantive cause. *See Green*, 999 S.W.2d at 477.

In short, Blakely's document is more accurately described as an omnibus pretrial motion that he simply captioned as a writ. *See State v. Evans*, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992) ("While designated as a motion to reconsider a plea, appellant's motion should more aptly have been called a motion for new trial."); *see also State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011) (looking past labels when construing motions and orders). A caption or title helps identify a document.

*See Caption, Title-and-Headings Canon*, Black's Law Dictionary (10th ed. 2014). But captions and titles are not controlling. *See Evans*, 843 S.W.2d at 577–78. We hold that Blakely's "Pre-Trial Writ of Habeas Corpus" was a writ in caption only; substantively and procedurally, it was an omnibus pretrial motion, the denial of which was not subject to an interlocutory appeal. *See Ahmad*, 158 S.W.3d at 526–27.

We dismiss Blakely's appeal for want of jurisdiction.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 13, 2020