

# NUMBER 13-20-00453-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE CANDELARIO HERNANDEZ-PEREZ

## On appeal from the County Court at Law No. 2
of McLennan County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Justice Hinojosa**

Appellant Candelario Hernandez-Perez was convicted for the misdemeanor offense of assault family violence. He subsequently attempted to perfect an appeal from an order denying his application for writ of habeas corpus.[1] *See* TEX. CODE CRIM. PROC.

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

ANN. art. 11.05. Because his appeal is untimely, we dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

According to the clerk's record, the trial court denied appellant's application for writ of habeas corpus by written order signed on July 30, 2020. The trial court issued findings of fact and conclusions of law in support of its ruling on September 14, 2020. Appellant filed his notice of appeal on October 14, 2020.

On November 19, 2020, the Clerk of the Court notified appellant that it appeared that the appeal had not been timely perfected, provided appellant with an opportunity to cure the defect, if possible, and informed appellant that the appeal would be dismissed if the defect was not cured within ten days from the date of the Court's notice. Appellant did not cure the defect or otherwise respond to the Court's directive.

## II. TIMELINESS OF NOTICE OF APPEAL

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the day sentence is imposed in open court, or ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1), (2); *Smith*, 559 S.W.3d at 531. While a court of appeals may extend the time to file the notice of appeal, both the notice of appeal and the motion for extension of time must be filed within fifteen days after the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3.

In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Ex parte Matthews*, 452 S.W.3d 8, 11 (Tex. App.—San Antonio 2014, no pet.).

As with any other appeal, the general rule is that a defendant appealing the denial of an application for writ of habeas corpus "has thirty days from the date of an appealable order to file a notice of appeal." *Ex parte Matthews*, 452 S.W.3d at 10; *see Green v. State*, 999 S.W.2d 474, 476 (Tex. App.—Fort Worth 1999, pet. ref'd); *see also Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (stating that the "denial of relief on a pretrial writ of habeas corpus may be appealed immediately"). Thus, the trial court's issuance of findings in support of its order denying appellant's application for writ of habeas corpus, issued after the expiration of its post-judgment plenary power, did not reset the thirty-day period for filing the notice of appeal. *See Ex parte Matthews*, 452 S.W.3d at 10.

Appellant did not file either a motion for new trial or a motion for extension of time to file a notice of appeal, thus appellant's notice of appeal was due within thirty days after the day the trial court denied his application for writ of habeas corpus, or by August 31, 2020, because August 29, 2020, was a Saturday. *See* TEX. R. APP. P. 4.1(a); *id.* R. 26.2(a)(1),(2); *Smith*, 559 S.W.3d at 531. Nevertheless, appellant did not file his notice of appeal until October 14, 2020.

## III. Conclusion

Appellant's notice of appeal was not timely filed. Therefore, we lack jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *See Castillo*, 369 S.W.3d at 198; *Slaton*, 981 S.W.2d at 210; *Ex parte Matthews*, 452 S.W.3d at 11. Accordingly, we dismiss the appeal and all relief sought therein for want of jurisdiction.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of February, 2021.